UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONDEL INEZ CARTWRIGHT,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>　　　　　　　　　　Respondent. | Case No.: 22cv1002-LL-JLB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Shondel Inez Cartwright's ("Petitioner") Petition for Writ of Habeas Corpus. ECF No. 1. For the following reasons, the Court **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus as **MOOT**.

## I.　PROCEDURAL BACKGROUND

On July 7, 2022, Petitioner, proceeding pro se, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. *Id.* Petitioner was previously detained at the Las Colinas Detention and Reentry Facility pursuant to a parole violation. *Id.* at 1. In the Petition, Petitioner challenged her parole status and contested the general legality of her interstate compact supervision, which permitted the state of California to supervise Petitioner's parole grant by the state of Colorado pursuant to the Uniform Act for Out-of-State Parolee Supervision ("Interstate Compact Program"). *See id.* at 2–7; *see also* Cal.

Pen. Code § 11177, *et seq*. On January 23, 2023, Petitioner filed a separate civil action in this Court in which she stated that she had been extradited to Colorado but had been released from custody.[1] *See Cartwright v. People of the State of Colorado et al.*, 23-cv-116-LL-JLB, ECF No. 1 at 2.

On February 23, 2023, Respondent San Diego Sheriff's Department ("Respondent") filed a Motion to Dismiss ("Motion"). ECF No. 16. In a minute order, the Court set a new briefing schedule and ordered Petitioner to respond to Respondent's Motion by May 24, 2023.[2] *See* ECF No. 17. The Court's minute order, however, was returned as undeliverable on May 5, 2023. *See* ECF No. 18. Accordingly, the Court issued an order to show cause, giving Petitioner thirty (30) days to show cause as to why this case should not be dismissed for failure to prosecute. *See* ECF No. 19 at 3. In addition, Petitioner was given thirty (30) days to file her opposition to Respondent's Motion and notify the Court and Respondent of her current mailing address. *See id.*

On June 22, 2023, Petitioner sent a letter to the Court notifying the Court and Respondent of her current mailing address. ECF No. 20 at 1, 2. Petitioner indicated that she was currently "in treatment at Serenity House" and that she had "beat the illegal parole hold and that part was rectified after a month." *Id.* at 1.

---

[1] Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes public records and government documents found on reliable sources on the internet. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). This Court hereby takes judicial notice of the California Department of Corrections and Rehabilitation (CDCR) and Colorado Department of Corrections websites, which both indicate that Petitioner has been released from custody. *See* CDCR Inmate Locater, https://inmatelocator.cdcr.ca.gov/search.aspx (last visited July 17, 2023); Colorado Department of Corrections Offender Search, http://www.doc.state.co.us/oss/ (last visited July 17, 2023).

[2] The Court sent a courtesy copy of this minute order to Petitioner's new address provided by Petitioner in her separate civil action. *See Cartwright v. People of the State of Colorado et al*, 23-cv-116-LL-JLB, ECF No. 1.

## II. LEGAL ANALYSIS

### A. Petition for Writ of Habeas Corpus

Federal courts have "have an independent duty to consider sua sponte whether a case is moot." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citation omitted). Article III of the Constitution limits federal court jurisdiction to live cases and controversies. *See* U.S. Const. art. III; *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395 (1980). To satisfy Article III's live case or controversy requirement, the parties must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

"Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (citation omitted); *see also Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005) (habeas petition is moot when the petitioner seeks relief that "cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus.") (citation, quotation marks, and ellipses omitted). However, a habeas petition is never moot simply because, subsequent to its filing, the petitioner has been released from custody." *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994), *superseded on other grounds in United States v. Knabb*, 2021 WL 3674481 (9th Cir. Aug. 19, 2021). An exception known as the "collateral consequences" doctrine has been applied to petitioners who would suffer collateral consequences if their convictions were allowed to stand. *Id.* at 1463. However, collateral consequences must exist for the suit to be maintained. *See Spencer*, 523 U.S. at 7.

While the Ninth Circuit has held that there is an irrebuttable presumption of collateral consequences flowing from a conviction, "the presumption of collateral consequences does not apply to the revocation of parole." *See Wilson v. Terhune*, 319 F.3d

477, 480 (9th Cir. 2003) (citing *Spencer*, 523 U.S. at 12–14). The Court finds the Supreme Court's decision in *Spencer v. Kenma* instructive here. In *Spencer*, a habeas petitioner challenged the lawfulness of his parole status after he had finished serving the entire term of his sentence underlying the parole revocation. *See Spencer*, 523 U.S. at 1. The Court held that the petitioner's habeas petition was moot because it declined to extend the presumption of collateral consequences which applied to criminal convictions to challenges of parole revocation. *See id.* at 12–16. The Court reasoned that unlike a criminal conviction, "'[n]o civil disabilities . . . result from a finding that an individual has violated his parole.'" *Id.* at 12; *see also Verdin*, 243 F.3d at 1178 (Ninth Circuit has previously "ruled that in light of *Spencer*'s holding that collateral consequences cannot be presumed where a defendant has already served his entire sentence").

Here, Petitioner is no longer in custody and Petitioner is not challenging a criminal conviction. *See* ECF No. 1 at 7 (Petitioner's request for relief). Similar to the petitioner in *Spencer*, Petitioner is only challenging her parole status after she had finished serving the entire term of her sentence underlying the parole revocation.[3] *See id.*; *see also* ECF No. 11 at 22 (CDCR's petition for revocation filed with the San Diego Superior Court indicating that Petitioner's supervision is to expire on April 2, 2023); ECF No. 11 at 43 (informal response filed by the San Diego District Attorney's Office in the San Diego Superior Court stating that "Petitioner remains on parole with an end-date of April 2, 2023"). Moreover, Petitioner seeks relief that cannot be redressed by a favorable decision of the court. In Petitioner's June 22, 2023 letter to the Court, Petitioner states that she "beat the illegal

---

[3] Courts may also take judicial notice of court records, including filings in other courts. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *see also* Fed. R. Evid. 201(b). As such, this Court takes judicial notice of the proceedings before the San Diego Superior Court that are "directly related" to this Petition, specifically the filings from *In re Shondel Cartwright*, Case No. HC25821. *See* ECF No. 11 (additional exhibits to the Petition related to *In re Shondel Cartwright*).

parole hold and that part was rectified after a month" that she was attacking. *See* ECF No. 20 at 1. By "beat[ing] the illegal parole hold," Petitioner has already obtained the relief she sought in the present Petition. *Id.* Collateral consequences cannot be presumed where Petitioner has already finished serving the entire term of the sentence underlying her parole revocation and therefore, Petitioner's challenge to the parole hold became moot. *See Spencer*, 523 U.S. at 12–16. In addition, because the Petition is moot and contains deficiencies that cannot be cured by amendment, the Court dismisses the Petition without leave to amend. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus may be dismissed without leave to amend if "it appears that no tenable claim for relief can be pleaded were such leave granted.").

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED AS MOOT** without leave to amend;

2. Respondent's Motion to Dismiss [ECF No. 16] is **DENIED AS MOOT**; and

3. The Clerk of Court is **DIRECTED** to close the action.

**IT IS SO ORDERED.**

Dated: July 24, 2023

Honorable Linda Lopez
United States District Judge